JOHN R. GIBSON, Circuit Judge,
dissenting.
I respectfully dissent.
The court today leaves entirely to the discretion of the bankruptcy court whether “adequate protection” as defined in 11 U.S.C. §§ 361, 362 includes the payment of compensation to an undersecured creditor for lost opportunity costs resulting from an automatic stay imposed pursuant to 11 U.S.C. § 362(d). It attempts to chart a course between those courts which have held as a matter of law that compensation may not be allowed, see, e.g., In Re Aegean Fare, Inc., 34 B.R. 965 (Bankr.Mass.1983); In Re South Village, Inc., 25 B.R. 987 (Bankr.Utah 1982); In Re Alyucan Interstate Corp., 12 B.R. 803 (Bankr.Utah 1981); and those courts which hold that as a matter of law it must be considered, but leave to the bankruptcy court in what manner. See, e.g., In Re American Mariner Industries, 734 F.2d 426 (9th Cir.1984); Grundy National Bank v. Tandem Mining Corp., 754 F.2d 1436 (4th Cir.1985). I believe that the preferable course is that set down by the Ninth Circuit in American Mariner Industries. This approach gives more certainty to the function of the bankruptcy court, and is more consistent with congressional intent.
The Ninth Circuit held in American Mariner that a secured creditor “is entitled to compensation for the delay in enforcing its rights during the interim between the petition and confirmation of the plan.” 734 F.2d at 435. It rejected the creditor’s contention, however, that the compensation must take the form of monthly interest payments at the market rate on the liquidation value of the collateral. The court concluded that while this was one method of providing adequate protection, it was not the only one available to the debtor. Id. While the debtor should have maximum flexibility, the court acknowledged, the “result should as nearly as possible under the circumstances provide the creditor with the value of his bargained for rights.” Id.[1]
American Mariner holds that a court should utilize a case by case approach in determining adequate protection and the value of the creditor’s interest in the property involved. Nevertheless, it makes clear that the creditor is entitled as a matter of law to compensation for the delay in enforcing its rights. It is only after making this legal determination that the court considers, on a case by case basis, the method of adequately protecting that to which the creditor is entitled. To the contrary, the court today leaves both the question of entitlement and the determination of the proper method of protection to the bankruptcy court. The weakness of the court’s position is that it sets free the bankruptcy court without any guidance whatsoever on the entitlement issue.[2]
*1352 Nothing is gained by repeating in detail the analysis in American Mariner. The Ninth Circuit carefully considered the statutes before us and their legislative history. It recognized that the policy behind these statutes is to give the debtor a breathing spell and chance to restructure a business so that it may continue to operate. At the same time, the court emphasized that sections 361 and 362 “include exceptional provisions specifically intended by Congress to benefit secured creditors at the expense of the debtor.” 734 F.2d at 431. It concluded that courts — on the case by case basis Congress envisioned — “must recognize and protect the value of a creditor’s interest when, as here, that value is demonstrated to exist and is measurably threatened.” Id. at 432. It further concluded that Congress understood the term “indubitable equivalent” to represent a “strict approach to adequate protection in the context of the cram down provisions” in § 1129 and this was convincing that “Congress intended to adopt or at least encourage the same approach to adequate protection in sections 361 and 362.” 734 F.2d at 434. It correctly reasoned that those courts holding as a matter of law that adequate protection extended only to the value of the collateral accorded insufficient weight to the language of the statute and the congressional goal of affording the secured creditor the benefit of its bargain. Id. at 434-35.
We deal not with insignificant distinctions. The inevitable result of leaving the bankruptcy courts entirely free to determine the issue as they chose is likely to be uniform denial of these rights. The overwhelming response of the bankruptcy courts facing this issue bears strong evidence to this conclusion. The strength of the American Mariner approach is to direct that, as a matter of law, the creditor’s entitlement to interest be considered and that the method of doing so be left to a case by case determination giving consideration to timing and applicable rate of interest. 734 F.2d at 435. I would follow American Mariner and I would affirm the judgment of the district court.

. In In Re Martin, 761 F.2d 472 (8th Cir.1985), we carefully considered In Re American Mariner Industries, stressing much of the language set forth above. The court today comes dangerously close to conflicting with the central thrust of this opinion.

. See generally Note, Compensation for Time Value as Part of Adequate Protection During the Automatic Stay in Bankruptcy, 50 U.Chi.L.Rev. 305, 309, 315 (1983) (A review of the policies underlying the Code indicates that Congress intended to compensate secured creditors for the *1352 time value of their secured claim in keeping with the realities of a modern credit economy; denial of compensation increases cost and reduces the availability of credit).